UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 3:22-CV-30124

**ANDREA MACAUDA,**
*Plaintiff*,

v.

**DEPARTMENT OF CHILDREN & FAMILIES,**
*Defendant.*

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## INTRODUCTION

1. Defendant violated Plaintiff's right to the free exercise of religion by requiring that, as a condition of her continued employment, she be injected with a product advertised as a COVID-19 vaccine, and (after Defendant had demonstrated that her sincerely held religious beliefs prevented her from being injected with the products) by suspending and terminating her employment. Defendant's violated the both the Civil Rights Act and the Massachusetts anti-discrimination law, M.G.L. c. 151B.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 42 U.S.C. § 2000e-5 (f) and 28 U.S.C. §§ 1331 and 1343 (a), and has supplemental jurisdiction over State-law claims.

## PARTIES

3. Plaintiff Andrea Macauda is an inhabitant of Peabody, Massachusetts.

4. Defendant Department of Children & Families (DCF) is an agency of the Commonwealth and is a person within the meaning of 42 U.S.C. § 2000e (a), and is an employer within the meaning of 42 U.S.C. § 2000e (b) and of M.G.L. 151B, § 1 (5).

**EEOC CHARGE**

5. Plaintiff filed a timely charge with the United States Equal Opportunity Commission (EEOC) (Charge No. 16C-2022-00311). The EEOC issued a right-to-sue notice on August 9, 2022.

6. Plaintiff brings this case within 90 days of receipt of the EEOC right-to-sue notice.

7. Plaintiff filed a timely charge with the Massachusetts Commission Against Discrimination (MCAD) under M.G.L. c. 151B (Docket No. 21BEM02507). On July 27, 2022, the MCAD sent Plaintiff its finding of lack of probable cause and dismissal. On September 2, 2022, the MCAD affirmed the dismissal.

8. All preconditions for filing this lawsuit have been performed or have occurred.

**FACTS**

9. On or about August 19, 2021, Governor Charles D. Baker issued Executive Order 595 ("E.O. 595"), which requires all employees of the Commonwealth's Executive branch to submit proof of full vaccination against COVID-19 by October 17, 2021, as a condition of continued employment. By way of E.O. 595, the Governor directed the Human Resources Division to issue a written policy with a procedure to allow "limited exemptions from the vaccination requirement where a reasonable accommodation can be reached for any employee... who is unwilling to receive COVID-19 vaccination due to a sincerely held religious belief." A true copy of E.O. 595 is attached hereto as Exhibit A.

10. The products known as "COVID-19 vaccines" produced by Johnson & Johnson, Moderna, and Pfizer do not prevent recipients from contracting and transmitting COVID-19.

11. Dr. Anthony Fauci, director of the National Institute of Allergy and Infectious Diseases, has stated, "We know that people get infected and then get reinfected. And people get

vaccinated, and they get infected. So, immunity isn't measured in decades or lifetimes. It's measured in several months."[1]

12.     Figures from the Massachusetts Department of Public Health (DPH) figures show that since at least February 2022 the majority of people hospitalized in Massachusetts for COVID-19 have been "fully vaccinated."

13.     Massachusetts DPH figures show that by mid-July 2022 more than 3,000 "fully vaccinated" people in Massachusetts had died from COVID-19.

14.     The Massachusetts DPH categorizes individuals as "fully vaccinated" if they have received the number of doses required to complete the COVID-19 vaccine series for their age and all of these doses have been reported to the Massachusetts Immunization Information System.

15.     In mid-July the Massachusetts DPH stopped publishing the number of COVID-19 breakthrough cases, i.e. people who were injected with the products and then caught the disease. The DPH website states "data on vaccine breakthrough cases in Massachusetts are no longer being updated." It does not say why.

16.     The latest — and apparently final — weekly report on COVID-19 cases among "fully vaccinated" individuals states that 11.4% of "fully vaccinated" people have caught COVID-19 after becoming "fully vaccinated":

> - As of July 2, 2022 there were 5,408,359 fully vaccinated people and there were 617,337 cases in vaccinated people

---

[1] https://www.marketwatch.com/articles/anthony-fauci-covid-19-biden-immunity-51658437525?siteid=nf-rss

- 10,121 of those 617,337 cases resulted in hospitalization and 3,213 cases resulted in death based on information reported to date[2]

17. Below the figures, the DPH includes this note about undercounting both of cases and hospitalizations:

> Identification of cases in vaccinated people relies on matching data between the system of record for cases and vaccinations. The number of cases in vaccinated people may be undercounted due to discrepancies in the names and dates of birth of individuals, resulting in an inability to match records across systems. Hospitalization data is likely also undercounted as identification and reporting of hospitalized cases relies on that information being obtainable by case investigators through patient interview.

18. For most people who display some symptoms of COVID-19, those symptoms are mild (e.g. sore throat, slight cough, and runny nose) and do not require a visit to a healthcare provider. If a person with COVID-19 does not report the infection to a healthcare provider, nobody enters the case into a healthcare provider's database, and it does not appear in the DPH figures.

19. Accordingly, the DPH case count of 617,337 "fully vaccinated" people who subsequently caught COVID-19 excludes those who do not report the fact to a healthcare provider.

20. Plaintiff is a Christian who is employed by Defendant as a social worker. On or about September 30, 2021, Complaint requested a religious exemption from the COVID-19 vaccination requirement. A true copy of Plaintiff's request is attached hereto as Exhibit C.

21. On or about October 14, 2021, Defendant denied Plaintiff's request, stating that:

> During the interactive process you successfully demonstrated your sincerely held religious belief. We have reviewed and given full consideration of your request for an exemption from the COVID-19 vaccination.
>
> This response letter is being sent to inform you that your request for an exemption from the COVID-19 vaccination is being denied because your request poses an undue hardship for the agency. Granting your request would increase workplace safety risks and negatively impact safety planning. The accommodation would

---

[2] Exhibit B. Massachusetts Department of Public Health COVID-19 Vaccine Data –Tuesday, July 5, 2022.

>negatively impact operational factors such as staffing and workflow, and negatively impact direct care.

A true copy of the denial letter is attached hereto as Exhibit D.

22. Defendant conducted a telephone interview with Plaintiff, which focused primarily on Plaintiff's religious belief. During that telephone interview, Defendant did not attempt to determine whether Defendant could accommodate Plaintiff's religious observance and practice.

23. Infection with COVID-19 provides natural immunity against reinfection. Nevertheless, Defendant did not even ask Plaintiff whether she had caught and recovered from COVID-19. Defendant did not engage in any meaningful interactive process. The process that Defendant engaged in was a sham.

24. The number of DCF employees who applied for <u>medical</u> exemptions was 38 of whom 9 withdrew their requests. Of the remaining 29 medical-exemption requests, Defendant approved 7 (approximately 24% of the total).

25. The number of DCF employees who applied for <u>religious</u> exemptions was originally 135, of whom 13 withdrew their requests. Of the remaining 122 religious-exemption requests, Defendant approved just one (less than 1% of the total).

26. Defendant exhibited a preference for employees who applied for medical exemptions vis-à-vis those who applied for religious exemptions.

27. On October 29, 2021, Defendant suspended Plaintiff for 5 days without pay.

28. On November 8, 2021, Defendant suspended Plaintiff for 10 days without pay.

29. On November 19, 2021, Defendant terminated Plaintiff's employment.

30. Defendant's stated reason for the suspensions and termination was Plaintiff not being injected with the products advertised as "COVID-19 vaccines."

31.     In the period May 28, 2021, through November 30, 2021, there were 45 Massachusetts Emergency Paid Sick Leave (MEPSL) requests by DCF employees in connection with COVID-19.  This was *before* Defendant discharged its non-compliant employees.

32.     In the period December 1, 2021 through February 23, 2022, there were 224 MEPSL requests by DCF employees in connection with COVID-19.  This was *after* Defendant had discharged all but one of those employees who had asked for religious exemptions and all but 7 of those who had asked for medical exemptions.  By December 1, 2022, all DCF employees (except for the 8 whom Respondent had exempted) were "fully vaccinated" and, because of suspensions, the employees whom Defendant had denied religious exemptions had not been in the office for at least 15 days.

33.     Defendant could have accommodated Plaintiff's request without undue hardship. Plaintiff presented no higher risk than "fully vaccinated" employees of contracting and transmitting COVID-19.

## CLAIM FOR RELIEF

### COUNT 1

Section 703 (a) of Title VII, 42 U.S.C. § 2000e-2(a)

DCF discriminated against Macauda on the basis of her religion

34.     Plaintiff repeats and incorporates by reference the factual allegations in the preceding paragraphs.

35.     Plaintiff sincerely possessed a bona fide religious belief that conflicted with an employment requirement, namely Defendant's requirement that Plaintiff be injected with a product advertised as a COVID-19 vaccine.

36.     Plaintiff informed Defendant of the conflict.

37.     Defendant took adverse employment decisions against Plaintiff for her not complying with the employment requirement because of her conflicting religious belief, namely suspending her without pay and terminating her employment.

38.     Defendant discriminated against Plaintiff on the basis of her religion (Christian) in violation of 42 U.S.C. § 2000e-2(a) as follows:

39.     Defendant failed to engage with Plaintiff in an interactive process in efforts to reasonably accommodate her religious beliefs that prohibit her from being injected with the products advertised as COVID-19 vaccines.

40.     Defendant failed to adequately attempt to reasonably accommodate Plaintiff's sincerely held religious observance, practice, and beliefs that prohibit her from being injected with the products advertised as COVID-19 vaccines.

41.     Defendant failed to reasonably accommodate Plaintiff's sincerely held religious observance, practice, and beliefs that prohibit her from being injected with the products advertised as COVID-19 vaccines.

42.     Accommodating Plaintiff's sincerely held religious observance, practice, and beliefs that prohibit her from being injected with the products advertised as COVID-19 vaccines would not have caused Defendant undue hardship.

43.     Defendant discriminated against Plaintiff on the basis of her religion in violation of the Civil Rights Act, Section 703 (a) of Title VII, 42 U.S.C. § 2000e-2(a).

44.     As a result of Defendant's acts and omissions, Plaintiff has suffered harm.

## COUNT 2

### Violation of the Massachusetts General Laws Chapter 151B

### DCF discriminated against Macauda on the basis of her religion

45.	Plaintiff repeats and incorporates by reference the factual allegations in the preceding paragraphs.

46.	Plaintiff sincerely possessed a bona fide religious belief that conflicted with an employment requirement, namely Defendant's requirement that Plaintiff be injected with a product advertised as a COVID-19 vaccine.

47.	Plaintiff informed Defendant of the conflict.

48.	Defendant took adverse employment decisions against Plaintiff for her not complying with the employment requirement because of her conflicting religious belief, namely suspending her without pay and terminating her employment.

49.	Defendant discriminated against Plaintiff on the basis of her religion (Christian) in violation of 42 U.S.C. § 2000e-2(a) as follows:

50.	Defendant failed to engage with Plaintiff in an interactive process in efforts to reasonably accommodate her religious beliefs that prohibit her from receiving the products advertised as COVID-19 vaccines

51.	Defendant failed to adequately attempt to reasonably accommodate Plaintiff's sincerely held religious observance, practice, and beliefs that prohibit her from receiving the products advertised as COVID-19 vaccines

52.	Defendant failed to reasonably accommodate Plaintiff's sincerely held religious observance, practice, and beliefs that prohibit her from receiving the products advertised as COVID-19 vaccines.

53. Accommodating Plaintiff's sincerely held religious observance, practice, and beliefs that prohibit her from being injected with the products advertised as COVID-19 vaccines would not have caused Defendant undue hardship.

54. Defendant discriminated against Plaintiff on the basis of her religion in violation of M.G.L. c. 151B.

55. As a result of Defendant's acts and omissions, Plaintiff has suffered harm.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Honorable Court:

A. Order Defendant to rehire and reinstate Plaintiff with no loss of seniority;

B. Award Plaintiff damages, plus her costs and her reasonable attorney's fees, and

C. Order such other and further relief as the Court deems just and appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issue so triable pursuant to Fed. R. Civ. P. 38 and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

    Respectfully Submitted
    Andrea Macauda
    By Her Attorney:

    */s/ Peter Vickery*
    Peter Vickery, Esq.
    Bobrowski & Vickery, LLC
    27 Pray Street
    Amherst, MA 01002
    BBO# 641574
    Tel. (413) 992 2915
    Email: peter@petervickery.com